**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUN SHI, | No. 21-569 |
| Petitioner, | Agency No. A209-940-137 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 27, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Petitioner Chun Shi, a native and citizen of China, petitions pro se for review of a decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ's") order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings, including adverse credibility determinations, for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. Substantial evidence supports the agency's adverse credibility finding. The REAL ID Act dictates "that an adverse credibility determination must be made after considering the totality of circumstances, and all relevant factors." *Id.* at 1040 (internal quotation marks omitted). Relevant factors include "any inaccuracies or falsehoods" and "the consistency between . . . written and oral statements." 8 U.S.C. § 1158(b)(1)(B)(iii). For the adverse credibility determination, we review the reasons explicitly identified by the BIA, and look to the IJ's decision as a guide to the BIA's decision. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014).

The agency relied on multiple inconsistencies and an omission in Shi's credible fear interview, written application materials, and testimony to conclude Shi was not credible. *See Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) (noting that credibility issues "no longer need to go to the heart of a petitioner's claim"); *Dhital v. Mukasey*, 532 F.3d 1044, 1050–51 (9th Cir. 2008) (per curiam) (noting that a petitioner with a "propensity for dishonesty" can support an adverse credibility determination (citation omitted)). Specifically, Shi provided inconsistent information about his 2015 application for a U.S. business visa and his employment status during that time. Shi also omitted information about his student visa and subsequent deportation from Japan.

2.  Even assuming credibility, for Shi's asylum claim, we discern no error in the agency's determination that the harm Shi experienced in China did not rise to the level of past persecution and that he did not establish a well-founded fear of future persecution.[1]  We agree with the agency that Shi's experience is more similar to *Gu v. Gonzales*, 454 F.3d 1014, 1017–18, 1020 (9th Cir. 2006), than to *Guo v. Ashcroft*, 361 F.3d 1194, 1197–98, 1203 (9th Cir. 2004). Moreover, as the agency noted, Shi left China with his own passport while ignoring orders to report to the police, was not a dissident or leader, and was not sought after by Chinese officials since his departure.

"Because the asylum standard is more lenient than withholding of removal's 'clear probability' standard, failing to establish eligibility for asylum forecloses eligibility for withholding of removal." *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) (citation omitted)).

As for CAT protection, substantial evidence, even considering country conditions evidence, supports the agency's determination that Shi has not established that it is "more likely than not" that he would be tortured upon

---

[1] Because we would affirm the agency's determination under any standard of review, we need not address the specific standard that applies in this case.  *See Singh v. Garland*, 57 F.4th 643, 651–52 (9th Cir. 2022) (stating that it is unclear in our case law if a de novo or substantial evidence standard applies to the question of whether particular facts amount to persecution); *Fon v. Garland*, 34 F.4th 810, 813 n.1 (9th Cir. 2022) ("Because we would reach the same conclusion under any standard of review, we need not address whether a less deferential standard should pertain [to the BIA's past persecution determination].").

return to China.  8 C.F.R. § 1208.16(c)(2).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**